952 A.2d 1108

DYANA M. ESPINA, CLAIMANT–APPELLANT, v. BOARD OF REVIEW, NEW JERSEY DEPARTMENT OF LABOR, AND KEYBANK NATIONAL ASSOCIATION, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 4, 2008—Decided August 1, 2008.

Before Judges STERN, A.A. RODRÍGUEZ and C.S. FISHER.

*Jaclyn Strassberg* argued the cause for appellant (*Northeast New Jersey Legal Services Corporation*, attorney; *Ms. Strassberg*, of counsel and on the brief).

*Alan C. Stephens*, Deputy Attorney General, argued the cause for respondent (*Anne Milgram*, Attorney General, attorney; *Patrick DeAlmeida*, Assistant Attorney General, of counsel; *Julie D. Barnes*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

A.A. RODRÍGUEZ, P.J.A.D.

An employee who abandons his or her job for five or more consecutive work days is disqualified for unemployment benefits for voluntarily abandoning his or her position absent good cause. *N.J.A.C.* 12:17–10.3(c). In this appeal, we hold that pursuant to *N.J.A.C.* 12:17–9.11(b), an employee cannot be deemed to have abandoned her employment by failing to return to work, until the expiration of five consecutive days from the last day of an approved leave of absence.

Claimant, Dyana Espina, had been employed by Keybank National Association (employer) as a loan processor since July 2000. She went out on maternity disability from November 1, 2005, through January 19, 2006. However, she could not return to work because she could not find childcare for her infant son. She then went on leave pursuant to the Family and Medical Leave Act, 29 *U.S.C.A.* §§ 2601 to 2654 (1999) (FMLA), from January 20, 2006, through April 13, 2006. On April 14, 2006, the employer

granted claimant's request for an additional week of unpaid leave due to her lack of childcare. She was scheduled to return to work on April 24, 2006.

On April 24, 2006, claimant requested an additional week of leave due to a continued lack of childcare. The employer advised claimant that: (1) she was now on an "unauthorized leave of absence"; (2) she was expected to return to work on Wednesday, April 26, 2006; and (3) failure to return to work on that date would be considered a voluntary resignation. Claimant advised her employer that because she continued to have childcare issues, she could only report to work on April 26, 2006, if she was able to bring her infant son with her for the remainder of the week. The employer denied this request due to corporate policy and liability issues. Claimant also requested a change in status from full-time to part-time. This was also denied by her employer. However, claimant's employer did agree to change her workday start time in an effort to accommodate her personal circumstances. Because claimant did not report to work on April 26, the employer terminated her employment that day by sending a certified letter stating:

You did not return to work on Wednesday, April 26, 2006. We accept this as your voluntary resignation from your position effective immediately.[1]

Claimant was directed to return her office keys to her supervisor.

On Monday, May 1, 2006, claimant advised the employer that she had obtained childcare and asked to come back. However, the following day she was advised that she could not return to her position.

Claimant applied for unemployment benefits. The Deputy initially approved the application. However, the employer appealed.

At the first telephone hearing before the Appeal Tribunal, only the employer's representatives were present. Claimant had called in late to the telephone hearing. The Appeal Tribunal found

---

[1] Despite the "effective immediately," the next line of the letter states: "We will consider April 21, 2006[,] as your termination date."

claimant ineligible for unemployment benefits. Claimant appealed to the Board of Review (Board). The Board upheld the decision of the Appeal Tribunal.

Claimant requested that the Board reopen and remand the matter to allow her to present additional testimony. The Board granted her request.

At the second hearing before the Appeal Tribunal, claimant testified to the chain of events that had led to her not reporting to work on April 26, 2006. Three representatives of the employer testified as to claimant's period of maternity leave, unpaid leave, the two-day extension, and claimant's failure to report on that date. The employer's witnesses also testified to the corporate policy, which states that infants are not permitted in the workplace due to insurance concerns.

The Appeal Tribunal reversed its earlier determination that claimant was eligible for unemployment benefits. The Appeal Tribunal found that claimant had "left work voluntarily without good cause attributable to such work." Therefore, pursuant to *N.J.S.A.* 43:21-5(a), claimant was ineligible to receive benefits. Claimant appealed to the Board. The Board upheld the decision of the Appeal Tribunal.

Claimant appeals to us, contending that the Board "failed to make a basic factual finding, therefore arbitrarily and unreasonably neglecting its regulations at *N.J.A.C.* 12:17-9.11(b) and *N.J.A.C.* 12:17-10.3 in its rationale." We agree.

Claimant's termination by the employer based upon abandonment of the position is not valid because it took effect before the expiration of the five-day period set by the regulations. Therefore, this was not a voluntary quit. Thus, claimant is not disqualified from unemployment benefits pursuant to *N.J.S.A.* 43:21-5(a).

This is not a case involving fact-finding by a state agency. Nor is it review of the regulation itself. *Lewis v. Catastrophic Illness Fund,* 336 *N.J.Super.* 361, 369-70, 764 A.2d 1035 (App.Div.

2001). It is a matter of the agency not following its own regulation. It is settled that

> When an administrative agency interprets and applies a statute it is charged with administering in a manner that is reasonable, not arbitrary or capricious, and not contrary to the evident purpose of the statute, that [an] interpretation should be upheld, irrespective of how the forum court would interpret the same statute in the absence of regulatory history.
>
> [*Blecker v. State*, 323 *N.J.Super.* 434, 442, [733 *A.2d* 540] (App.Div.1999) (citing *Chevron U.S.A. Inc. v. NRDC*, 467 *U.S.* 837, 842–45, 104 *S.Ct.* 2778, 2781–83, 81 *L.Ed.2d* 694, 702–04 (1984))].

However, here the Board ignored, rather than misinterpreted *N.J.A.C.* 12:17–9.11(b).

We proceed to an interpretation and application of the regulation. *N.J.A.C.* 12:17–9.11(b) provides:

> (b) An employee who has not returned to work following an approved leave of absence pursuant to the employer's written policy, union contract or business custom and who without good cause has not notified the employer of the reasons for failing to return to work within five consecutive work days shall be considered to have abandoned his or her employment. Such job abandonment shall subject the employee to disqualification for benefits for voluntarily leaving work without good cause attributable to such work.[2]

We conclude that the clear and unambiguous language of the regulation, applied to the facts of this case, compels a reversal of the denial of unemployment benefits.

Although the employer exercised great forbearance with respect to claimant's inability to return to work, up until April 26, 2006, claimant was still on approved leave of absence at that time. April 26 was the date that she was expected to return to work by virtue of the employer's last directive. Yet, this was the same day that claimant was terminated from her job, "effective immediately."

Claimant also contends that the Appeal Tribunal "unreasonably omitted [her] unimpeached testimony [describing] her prolonged attempts to keep her job," and her attempt to return to work three days after the employer's approved return to work date,

---

[2] *N.J.A.C.* 12:17–10.3 provides a similar five-day period for employees who are "discharge[d] or suspended for unauthorized absence."

thus nullifying the effect of *N.J.A.C.* 12:17–9.11(b) and *N.J.A.C.* 12:17–10.3, which apply to afford employees such as claimant with a five-day window of accommodation.

We decline to address this contention. First, our review is limited to the decision of the Board, not the Appeal Tribunal. Second, claimant's inability to return to work due to the unavailability of childcare arrangements is irrelevant and not "good cause." *N.J.A.C.* 12:17–9.1(e). Third, her willingness to return to work on May 1 is not binding on the employer to take her back. *N.J.A.C.* 12:17–9.11(b) merely provides claimant with the opportunity to collect unemployment benefits if she is terminated before the expiration of the five-day period.

Reversed and remanded to the Board.