**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0764-17T2

SANDRA MOHAMED,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and BOARD OF EDUCATION
OF THE SPECIAL SERVICE
SCHOOL DISTRICT OF THE
ATLANTIC COUNTY,

     Respondents.

_____

Argued April 2, 2019 – Decided April 23, 2019

Before Judges Hoffman and Geiger.

On appeal from the Board of Review, Department of Labor, Docket No. 117,199.

Sandra Mohamed, appellant, argued the cause pro se.

John C. Hegarty argued the cause for respondent Board of Education of the Special Service School District of the Atlantic County (Jasinski, PC, attorney; John C. Hegarty, on the brief).

Emily M. Bisnauth, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Emily M. Bisnauth, on the brief).

PER CURIAM

Appellant Sandra Mohamed appeals the final agency decision of respondent Board of Review of the Department of Labor and Workforce Development (Board of Review) that denied her application for unemployment benefits. We affirm.

Mohamed commenced working as a teacher's assistant for respondent Board of Education of the Special Service School District of the Atlantic County (Employer) on September 2, 1993. She applied for a medical leave of absence under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 to 2654, due to stress, anxiety, and depression. Mohamed was approved for a twelve-week medical leave from September 9, 2016 to November 26, 2016.

Mohamed did not return to work on November 26, 2016. Instead, she requested and was granted an extension of her medical leave until January 3, 2017. Mohamed was advised to contact her Employer if she had any questions. Mohamed did not return to work on January 3, 2017, or thereafter. Nor did she provide any further medical documentation.

The Employer served Mohamed with a Rice[1] notice dated January 9, 2017, informing her that her employment would be discussed at an executive session on January 23, 2017. The notice advised Mohamed of the date, time, and location of the executive session. The notice also informed Mohamed that she could request the matter be discussed in an open public session rather than in a closed executive session. Mohamed did not respond to the notice or attend the board meeting.

Mohamed remained absent from work. By notice dated January 24, 2017, the Employer informed Mohamed that if she did not return to work by January 30, 2017, her employment would be terminated. The notice was sent to Mohamed's home address by regular and certified mail. Mohamed remained absent from work and was terminated on January 31, 2017. Prior to her termination, Mohamed did not speak with her Employer to discuss why she remained absent from work. Nor did she request additional medical leave or provide any additional medical documentation regarding her absence from work after January 3, 2017.

---

[1] Rice v. Union Cty. Reg'l High Sch. Bd. of Educ., 155 N.J. Super. 64 (App. Div. 1977). A school board must provide reasonable advance notice of its intention to consider personnel matters related to an employee and give that employee the opportunity for public discussion of the matter. Id. at 73-74.

A-0764-17T2

Mohamed applied for unemployment benefits on March 12, 2017. The Deputy Director of the Division of Unemployment and Disability Insurance (Deputy Director) determined Mohamed was disqualified from receiving unemployment benefits from January 29, 2017, because she left work voluntarily without good cause attributable to the work. Mohamed appealed the Deputy Director's determination. The Appeal Tribunal dismissed the appeal as untimely. The Board of Review reversed and remanded to the Appeal Tribunal, determining the appeal was filed timely. The Appeal Tribunal conducted a hearing where Mohamed and a representative of the Employer testified.

Mohamed testified she did not provide the Employer with a release to return to work or additional medical documentation indicating she could not return to work on January 3, 2017. Mohamed claimed she emailed the Employer stating she would return to work on January 3, 2017, if released to return to work by her physician. Mohamed did not produce a copy of the email. The Employer testified it never received any such email. Mohamed admits she received the Rice notice on January 9, 2017. She decided not to respond or participate in the meeting, claiming she did not feel able to do so.

Mohamed testified she did not receive the January 24, 2017 notice from the employer because a family member held both copies of the letters until after

4

January 30, 2017. It appears the appeals examiner did not find this testimony credible. Mohamed further testified she did not know if she would have returned to work even if she had received the January 24, 2017 notice.

Mohamed relied on the fact that she contacted the Employer through its automated call-out line to continue to call out sick. The Employer stated use of the automated call-out line is inappropriate to extend medical leaves because medical updates from physicians must be provided to extend medical leaves.

The Appeal Tribunal affirmed the Deputy Director's determination disqualifying Mohamed from receiving unemployment benefits. The Appeal Tribunal noted Mohamed failed to return to work on January 3, 2017, the date her medical leave expired, "and failed to provide the Employer with any medical documentation extending the date she was able to return to work." The Appeal Tribunal also found use of the automated call-out line did not negate those failures. The Board of Review affirmed the decision of the Appeal Tribunal. This appeal followed.

Mohamed argues:

> I. CLAIMANT WAS ABSENT AND REMAINED ABSENT FROM WORK BECAUSE OF ILLNESS AND NOT AN INTENT TO ABANDON HER POSITION.

II. CLAIMANT SHOULD NOT BE DISQUALIFIED FROM BENEFITS FOR ABANDONING HER POSITION AS SHE WAS NOT AWARE THAT HER ACTIONS WOULD LEAD TO TERMINATION.

Our review of administrative agency decisions is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). Claimants bear a substantial burden of persuasion. In re Stallworth, 208 N.J. 182, 194 (2011). Administrative agency decisions will be sustained unless there is a clear showing they are arbitrary, capricious, or unreasonable; or are not supported by substantial credible evidence in the record as a whole. Saccone v. Bd. of Trs. of Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014); Lavezzi v. State, 219 N.J. 163, 171 (2014). We give "due regard to the opportunity of the one who heard the witnesses to judge . . . their credibility." Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587 (1988) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). "[I]t is not for us or the agency head to disturb [a] credibility determination, made after due consideration of the witnesses' testimony and demeanor during the hearing." H.K. v. Dep't of Human Servs., 184 N.J. 367, 384 (2005).

N.J.S.A. 43:21-5(a) provides that an individual is disqualified for unemployment compensation benefits where that "individual has left work voluntarily without good cause attributable to such work." A voluntary

termination occurs if an employee does not return to work after an approved leave as stated in N.J.A.C. 12:17-9.11(b), which provides, in pertinent part:

> An employee who has not returned to work following an approved leave of absence pursuant to the employer's written policy, union contract or business custom and who without good cause has not notified the employer of the reasons for failing to return to work within five consecutive work days shall be considered to have abandoned his or her employment. Such job abandonment shall subject the employee to disqualification for benefits for voluntarily leaving work without good cause attributable to such work.

Mohamed did not report to work for well more than five consecutive work days after her leave of absence, did not apply for a further extension of the leave, did not respond to the Rice notice or attend the board meeting, and did not submit any additional medical documentation evidencing an inability to return to duty on January 3, 2017. She never returned to work despite notice she would be terminated if she did not do so by January 30, 2017.

Mohamed's reliance on Espina v. Board of Review, 402 N.J. Super. 87 (App. Div. 2008) is misplaced. The material facts in Espina are readily distinguishable because Espina was not absent from work for at least "five consecutive days from the last day of an approved leave of absence." Id. at 89. Mohamed's remaining arguments lack sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

A-0764-17T2

In following the regulation, the decision of the Board of Review was not arbitrary, capricious, or unreasonable. Substantial credible evidence in the record as a whole supports the determination that Mohamed abandoned her employment by failing to return to work for more than five consecutive work days after an approved leave of absence, N.J.A.C. 12:17-9.11(b), thereby leaving work voluntarily without good cause attributable to the work, N.J.S.A. 43:21-5(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION